UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

FREEDOM MORTGAGE CORPORATION

    Plaintiff,

v.

EDWARD D'AMATO, CELIA D'AMATO, NEW YORK CITY ENVIRONMENTAL CONTROL BOARD, NEW YORK CITY PARKING VIOLATIONS BUREAU, NEW YORK CITY TRANSIT ADJUDICATION BUREAU,

    Defendants.

**MEMORANDUM & ORDER**
22-CV-07804 (HG) (SJB)

---

**HECTOR GONZALEZ**, United States District Judge:

    This order addresses Plaintiff's motion for a default judgment, *see* ECF No. 17, which the Court referred to Magistrate Judge Sanket J. Bulsara for a report and recommendation (the "R&R"), *see* ECF No. 19, and Plaintiff's objections to the R&R, *see* ECF No. 21. For the reasons set forth below, the Court adopts the R&R in its entirety, and grants in part Plaintiff's motion for a default judgment.

## BACKGROUND

    The Court assumes the parties' familiarity with the underlying facts and analysis set forth in the R&R. Plaintiff seeks entry of a default judgment against Defendants Edward D'Amato, Celia D'Amato, New York City Environmental Control Board, New York City Parking Violations Bureau, and New York City Transit Adjudication Bureau, and a judgment of foreclosure and sale. ECF No. 17. On January 22, 2024, Judge Bulsara recommended that Plaintiff's motion be granted in part and denied in part, and that: (1) the District Court order the foreclosure and sale of the property at issue, located at 40 Lewiston Street, Staten Island, New

York; (2) Andrea S. Ferrante, Esq., be appointed as Referee to conduct the sale and receive a fee in the sum of $750 from the proceeds of the sale; (3) Plaintiff be awarded the principal balance of $408,187.50; (4) Plaintiff be awarded $41,919.11 in accrued interest from May 1, 2020 to May 10, 2023; (5) Plaintiff be awarded *per diem* pre-judgment interest in the amount of $39.14, beginning from May 11, 2023, until the date judgment is entered, and post-judgment interest at the statutory rate under 28 U.S.C. § 1961(a) from the date judgment is entered until the date judgment is satisfied; (6) Plaintiff be awarded expenses related to the sale, as shown on the bills presented to the Referee and certified by her, in addition to any sums expended for taxes, assessments, water rates, and sewer rents, with interest and penalties accrued thereon, or so much thereof as the purchase money of the mortgaged premises will pay of the same; (7) Plaintiff be awarded $2,850.00 in attorney's fees, and $1,108.00 in costs; (8) Plaintiff's request for $33,288.91 in escrow advances and $135.00 in property inspection fees be denied without prejudice, with the right to renew within 30 days; and (9) Plaintiff's motion for a default judgment against the New York City Environmental Control Board, New York City Parking Violations Bureau, and New York City Transit Adjudication Bureau (the "City Defendants") be denied and the defaults against the City Defendants vacated.  ECF No. 19 at 16–17.[1]

On February 5, 2024, Plaintiff timely filed an affirmation objecting to the R&R.  ECF No. 21.  Plaintiff does not object to Judge Bulsara's recommendation that its motion be denied as to the City Defendants but states that those Defendants "were added to the action as a precaution, as this property lies in Richmond County." *Id.* at 1–2.  Plaintiff does, however, object to Judge Bulsara's calculation of attorney's fees, and to his recommendation that Plaintiff's request for the escrow advances and property inspection fees be denied without prejudice. *Id.* at 2–3.  In

---

[1]    The Court refers to the pages assigned by the Electronic Case Files system ("ECF").

support of its objections, Plaintiff attaches supplemental documents, including a chart summarizing the tasks on which each attorney worked, a log of the property inspections conducted, and a financial breakdown of the escrow charges. *Id.*

## LEGAL STANDARD

The Court must review *de novo* the portions of the R&R to which any party has objected. Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(C). For any portions of the report "to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record in order to accept it." *Logan v. World Luxury Cars, Inc.*, No. 15-cv-248, 2023 WL 156878, at *1 (E.D.N.Y. Jan. 11, 2023).[2] In considering objections to an R&R, the Court "will not consider new arguments raised in objections . . . that could have been raised before the magistrate but were not." *Liu v. Millenium Motors Sports, LLC*, No. 17-cv-6438, 2021 WL 3463193, at *2 (E.D.N.Y. Aug. 6, 2021); *see also Fischer v. Forrest*, 968 F.3d 216, 221 (2d Cir. 2020) (affirming district court's holding that a party could not raise an argument for the first time in his objections to an R&R). "Further, courts generally do not consider new evidence raised in objections to a magistrate judge's report and recommendation." *Lesser v. TD Bank, N.A.*, 463 F. Supp. 3d 438, 445 (S.D.N.Y. 2020).

## DISCUSSION

The Court adopts Judge Bulsara's R&R in full. The Court finds no clear error in the portions of the R&R as to which no party has objected, and rejects Plaintiff's objections to Judge Bulsara's findings regarding the attorney's fees, escrow advances, and property inspection fees.

---

[2] Unless noted, case law quotations in this Order accept all alterations and omit internal quotation marks, citations, and footnotes.

3

I.      The Attorney's Fees

Plaintiff argues that the Court should reject the R&R and award it the full attorney's fees it seeks, $5,650.00, because its attorneys charge a flat fee for any foreclosure work that they perform and do not maintain individual time sheets. ECF No. 21 at 2. Plaintiff also states that it has demonstrated its entitlement to attorney's fees and related costs because it submitted bills and details related to the tasks on which its attorneys worked to substantiate the amounts that it seeks. *Id.*; ECF No. 17-2 at 6. In this circuit, "contemporaneous time records are a prerequisite for attorney's fees." *N.Y. State Ass'n for Retarded Child., Inc. v. Carey*, 711 F.2d 1136, 1147 (2d Cir. 1983). As Judge Bulsara noted, "[c]ourts in this District have denied fee requests where plaintiff failed to maintain contemporaneous time records." *Freedom Mortgage Corp. v. McLain*, No. 23-cv-1309, 2023 WL 8473948, at *8 (E.D.N.Y. Oct. 12, 2023); *see also CIT Bank, N.A. v. Dambra*, No. 14-cv-3951, 2015 WL 7422348, at *8 (E.D.N.Y. Sept. 25, 2015), *report and recommendation adopted*, 2015 WL 7430006 (E.D.N.Y. Nov. 20, 2015) (denying in part plaintiff's request for attorney's fees because he ignored "the strict standard" that "has been followed in this Circuit for over thirty years" and failed to keep contemporaneous time records); *Eastern Savings Bank, FSB v. Evancie*, No. 13-cv-00878, 2014 WL 1515643, at *4 (E.D.N.Y. Apr. 18, 2014) ("A fee application must be supported by contemporaneous time records that describe with specificity, by attorney, the nature of the work done, the hours expended, and the dates on which the work was performed.").

However, in certain circumstances, and due to the increased use of flat fee arrangements, courts in this district have recognized that attorney's fees can be awarded, albeit at a discounted rate, even without contemporaneous time records. *See, e.g., Freedom Mortgage Corp. v. Phillip*, No. 19-cv-1215, 2020 WL 9812917, at *7 (E.D.N.Y. Mar. 2, 2020); *McLain*, 2023 WL 8473948, at *8. The Court agrees with Judge Bulsara—and the other judges in this district who have

4

reached the same conclusion[3]—that, "in light of counsel's failure to provide contemporaneous time records, and the inauspicious quality of plaintiff's motion," *Mclain*, 2023 WL 8473948, at *8, and "in light of how [D]efendants' default has likely made this case less work than a typical case,"[4] *Phillip*, 2020 WL 9812917, at *7, Plaintiff's requested legal fees should be reduced to $2,825.00, 50% of the requested amount.  *See also Incredible Foods Grp., LLC v. Unifoods, S.A. De C.V.*, No. 14-cv-5207, 2016 WL 4179943, at *6 (E.D.N.Y. Aug. 5, 2016) (reducing attorney's flat fee request for lack of contemporaneous time records); *OneWest Bank, NA v. Raghunath*, No. 14-cv-3310, 2015 WL 5772272, at *6 (E.D.N.Y. Sept. 8, 2015), *report and recommendation adopted*, 2015 WL 5774784 (E.D.N.Y. Sept. 29, 2015) (same).  The Court therefore rejects Plaintiff's objection to Judge Bulsara's calculation of attorney's fees.

## II.    The Escrow Advances and Property Inspection Fees

Plaintiff also objects to Judge Bulsara's recommendation that the Court deny its request for $33,288.91 in escrow advances and $135 in property inspection fees without prejudice, with the right to renew within 30 days.  In connection with its initial motion for a default judgment, Plaintiff submitted only a "Detail History" showing the escrow balances as of April 20, 2023, without including a sworn affidavit or other document explaining the nature of the charges, their connection to the property at issue, and why they were incurred.  ECF No. 19 at 11–12; ECF No. 17-3.  Plaintiff also failed to provide any log or invoice to demonstrate its entitlement to the property inspection fees.  ECF No. 19 at 12–13; *see generally* ECF No. 17.  Plaintiff does not dispute the insufficiency of the documents it initially attached to its motion.  ECF No. 21.

---

[3]     The Court notes that a number of the cases to which it cites involve Plaintiff.

[4]     This conclusion is supported by the records Plaintiff submitted summarizing the tasks on which its attorneys worked.  ECF No. 17-16 at 2; ECF No. 21 at 2.

Instead, Plaintiff attaches to its objection "a financial breakdown of the escrow charges, which are made up of tax and insurance disbursements," "invoices from the New York City Department of Finance," and "a log of the inspections conducted, the amounts charged, as well as corresponding inspection reports." ECF No. 21 at 2–3.

These documents were not in the record when Judge Bulsara issued the R&R, and "[c]ourts generally do not consider new evidence raised in objections to a magistrate judge's report and recommendation absent a compelling justification for failure to present such evidence to the magistrate judge." *New York City Dist. Council of Carpenters Pension Fund v. Forde*, 341 F. Supp. 3d 334, 338 (S.D.N.Y. 2018); *see also Lesser*, 463 F. Supp. 3d at 445. Plaintiff offers no such compelling justification – accordingly, the Court will not take Plaintiff's supplemental submissions into account in determining whether to adopt Judge Bulsara's R&R.[5] The Court agrees, and Plaintiff does not argue otherwise, that the documents Plaintiff submitted in connection with its default judgment motion are insufficient to support the damages it seeks for the escrow advances and property inspection fees. The Court hereby rejects Plaintiff's objections to Judge Bulsara's R&R and denies Plaintiff's request for $33,288.91 in escrow advances and $135.00 in property inspection fees, without prejudice and with the right to renew the motion on or before March 4, 2024.

---

[5] Although the Court does not take these documents into account in reaching its conclusion, the Court notes that the supplemental documents Plaintiff submitted with its objection to support its entitlement to the escrow advances do not include a sworn affidavit explaining the escrow charges and still do not appear to explain the nature of the charges, their connection to the property at issue, and the reason they were incurred. ECF No. 21.

**CONCLUSION**

As set forth above, the Court adopts Judge Bulsara's report and recommendation in full. ECF No. 19.  Accordingly:  (1) the Court orders the foreclosure and sale of the property located at 40 Lewiston Street, Staten Island, New York; (2) the Court appoints Andrea S. Ferrante, Esq., as Referee to conduct the sale and orders that Ms. Ferrante shall receive a fee in the sum of $750 from the proceeds of the sale; (3) Plaintiff shall be awarded the principal balance of $408,187.50; (4) Plaintiff shall be awarded $41,919.11 in accrued interest from May 1, 2020, through May 10, 2023; (5) Plaintiff shall be awarded *per diem* pre-judgment interest in the amount of $39.14, beginning from May 11, 2023, until the date judgment is entered, and post-judgment interest at the statutory rate under 28 U.S.C. § 1961(a) from the date judgment is entered until the date judgment is satisfied; (6) Plaintiff shall be awarded expenses related to the sale, as shown on bills presented to the Referee and certified by her, in addition to any sums expended for taxes, assessments, water rates, and sewer rents, with interest and penalties accrued thereon, or so much thereof as the purchase money of the mortgaged premises will pay of the same; (7) Plaintiff shall be awarded $2,850.00 in attorney's fees, and $1,108.00 in costs.

Plaintiff's motion for a default judgment against the City Defendants is denied, and the Clerk of Court is respectfully directed to vacate the defaults entered against those Defendants. On or before February 26, 2024, Plaintiff shall file a letter stating whether it intends to voluntarily dismiss its claims against the City Defendants or, if not, how it intends to proceed.

Plaintiff's request for $33,288.91 in escrow advances and $135.00 in property inspection fees is denied without prejudice.  Plaintiff shall submit a renewed motion for any escrow advances and property inspection fees it seeks, attaching appropriate supporting documents, on or before March 5, 2024.  If Plaintiff fails to do so, the Court will direct the Clerk of Court to enter judgment based on this Order.  The Court will direct Plaintiff to file a revised proposed

judgment of foreclosure and sale after reviewing Plaintiff's renewed motion for the remaining fees it seeks.

    SO ORDERED.

                                                          */s/ Hector Gonzalez*
                                                         HECTOR GONZALEZ
                                                         United States District Judge

Dated:  Brooklyn, New York
         February 17, 2024